Parker C. J.,
in giving the opinion of the Court, observed in substance, that the objection made to the plaintiff’s maintaining trespass was that he had not possession of the articles in question. The authorities, making a distinction in this respect between real estate and personal chattels, say that the property of persona] chattels draws to it the possession. Thus if A, in London, gives J. S. his goods at York, and another takes them away before J. S. obtains actual possession, J. S. may maintain trespass for them. Bac. Abr. Tresp. C 2. This action then may be sustained, unless the plaintiff had parted with his right to reclaim the furniture ; and it does not appear that he had. If it had been leased to Richardson, so that the plaintiff could not claim it and take possession when he pleased, trespass would not lie for him against the officer or any one else, because he would then have parted with the actual possession, • and would not have had a constructive possession.[1] *131 But there does not appear to have been any lease here ; there was nothing more than a mere indulgence ; so that if the plaintiff had at any time taken the furniture, Richardson could have maintained no action against him. It is true, Richardson testified that he expected to make the plaintiff a compensation for the use of the furniture ; but there was no agreement between them to that effect, and it does not appear that the plaintiff expected to receive any compensation. The plaintiff had a right to the possession without any demand on Richardson.

Judgment according to the verdict.

 Wheeler v. Train, 3 Pick. 255; Campbell v. Arnold, 1 Johns. R. 511; Tobey v. Webster, 3 Johns. R. 468; Brainard v. Burton, 5 Vermont R. 97 Hart v. Hyde, id. 328.